Opinion filed May 7, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 7, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00322-CR

                                           __________

 

                                 ANDRES GUTIERREZ, III, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 132nd District Court

                                                          Scurry
County, Texas

                                                     Trial
Court Cause No. 8758

 



 

                                                                   O
P I N I O N

This
is an appeal from a judgment revoking community supervision.  We affirm.

                                                           Procedural
Background

Upon
a plea of guilty, the trial court convicted Andres Gutierrez, III of forgery
and assessed his punishment at confinement for two years in a state jail
facility and a $500 fine.  Pursuant to the plea bargain agreement, the trial
court suspended the imposition of the confinement portion of the sentence and
placed appellant on community supervision for five years.








Appellant
was placed on community supervision on November 20, 2003.  On December 4, 2003,
the State filed its first motion to revoke alleging that appellant had violated
the terms and conditions of his community supervision on November 26, 2003, by
committing the offenses of public intoxication and resisting arrest and by
failing to remain at his residence as ordered.  On January 5, 2004, the trial
court modified the terms of appellant=s
community supervision to require that appellant be placed on the Scurry County
Community Supervision and Corrections Department Community Service Work Program
for fourteen days and that he stay in the Scurry County Jail during his
non-work program hours for the same fourteen days.

On
February 18, 2004, the State filed its second motion to revoke alleging that on
February 1, 2004, appellant had committed the offense of public
intoxication and that appellant had failed to  report as ordered, failed as
ordered to report that he had moved, failed to remain at his residence as
ordered, and failed to appear at a performance review as ordered.  On March 4,
2004, the trial court modified the terms and conditions of appellant=s community supervision to
require that, in lieu of incarceration, appellant participate in the Canyon
Reef Treatment Alternatives to Incarceration Program.  Appellant was ordered to
enter a residential intensive treatment program until successfully discharged
and then to continue treatment in an outpatient program until successfully
discharged. 

On
October 26, 2004, the trial court again amended the terms and conditions of
appellant=s community
supervision.  The amendments provided that appellant would be committed to the
Midland Court Residential Treatment Center for a term of up to twenty-four
months and that he would remain incarcerated in the Scurry County Jail during
his non-work hours and continue to participate in the Scurry County Community
Supervision and Corrections Department Community Service Restitution Program
until he was accepted by the Midland Court Residential Treatment Center.

On
October 13, 2005, the trial court modified the terms and conditions of
appellant=s community
supervision.  This order provided that appellant would immediately be admitted
to the Scurry County Jail and the Scurry County Community Supervision and
Corrections Department Community Service Work Program and would remain in
custody until transportation to a state jail facility was arranged.  Appellant
was also ordered to serve 120 days in a state jail facility.  Upon release from
the state jail facility, appellant was ordered to report to the Scurry County
Probation Department at 8:00 a.m. on the first working day after his release.








On
January 30, 2007, the State filed its final motion to revoke.  The State
alleged that appellant failed to report as ordered from November 2006 through
January 2007; that he failed to make his court-ordered payments from March 2006
through January 2007; that he failed to pay his probation fee as ordered for
March 2006, from May 2006 through July 2006, and from September 2006 through
January 2007; and that appellant failed to appear in court as ordered on
November 16, 2006.

After
a hearing on the State=s
motion to revoke, the trial court found that appellant had violated the terms
and conditions of his community supervision and revoked his community
supervision.  The trial court imposed a sentence of confinement for two years
in a state jail facility.                           Issue on Appeal

Appellant=s sole issue on appeal is
that the trial court abused its discretion when it failed to grant him credit
for the time he had served in the Scurry County Jail.  At trial, appellant
sought credit for the time he served in the county jail as a requirement of his
community supervision and for the time he served in a state jail facility as a
requirement of his community supervision.  The trial court gave appellant credit
for time he had served that was not a condition of his community supervision
(such as for the time he served in the county jail prior to the hearings on the
State=s motions) but
denied his request for credit for time served as a condition of his community
supervision.  The trial court also gave him credit for the time he served from
October 13, 2005, to February 15, 2006, the time he served in the state jail
facility or awaiting transportation to the state jail facility.

Appellant
argues on appeal that he was forced to submit to periods of confinement in the
Scurry County Jail in violation of Tex.
Code Crim. Proc. Ann. art. 42.12, '
15(d) (Vernon Supp. 2008).  By failing to grant his request for credit for this
county jail time, appellant contends that the trial court ratified the error
and, therefore, abused its discretion.  Appellant bases his argument on his
interpretation of Tex. Code Crim. Proc.
Ann. art. 42.12, ''
12, 15(d) (Vernon Supp. 2008).  We disagree with his interpretation.

                                                                      Time
Line

The
record reflects the following:

September
21, 2003   Appellant committed the offense of forgery.

 

November
5, 2003      Appellant arrested and confined in the county jail until his
plea hearing on November 20, 2003.

 








November 20, 2003    The trial court convicts appellant and
places him on community supervision.

 

December, 4, 2003     State files its first motion to revoke.

 

December 5, 2003      Appellant arrested and confined in the
county jail.

 

January 5, 2004          Trial court modifies terms and
conditions of community supervision to include fourteen-day participation in
work program and confinement in county jail while not working.

 

January 18, 2004        Appellant released from county jail.

 

February 18, 2004      State filed second motion to revoke.

 

February 23, 2004      Appellant arrested and confined in the
county jail.

 

March 4, 2004            Trial court modifies the terms and
conditions of community  supervision to include participation in Canyon Reef
Treatment  Program.

 

March 27, 2004          Appellant released from county jail.

 

October 26, 2004        Trial court amended the terms and
conditions of community  supervision to provide participation in the Midland
Court Residential Treatment Center.

 

October 26, 2004        Appellant arrested and confined in the
county jail.

 

December 8, 2004      Appellant released from the county jail.

 

October 13, 2005        Trial court modified the terms and
conditions of community

supervision to
include confinement in a state jail facility for 120 days plus immediate admission
to county work program and confinement in county jail when not working until
such time as appellant would be transported to a state jail facility.

 

October 13, 2005        Appellant arrested and placed in county
jail.

 

October 19, 2005        Appellant released from county jail to
state jail facility.

 

January 30, 2007        State files its final motion to revoke.

 

March 7, 2007            Appellant arrested and placed in county
jail.

 








October 9, 2007          Hearing on State=s final motion to revoke.

 

October 9, 2007          Trial court revoked appellant=s community supervision and
imposed a sentence of confinement for two years in a state jail facility.

 

In its judgment,
the trial court gave appellant credit for the following time served:

November 5,
2003, to November 20, 2003;

December 5,
2003, to January 5, 2004;

February 23,
2004, to March 4, 2004;

October 13,
2005, to February 15, 2006; and

March 7, 2007,
to October 9, 2007.

 

                                                      Applicable
Law

Article 42.12, section 12 provides that the trial court
may impose confinement in a county jail as a term of felony community
supervision.  This section allows the trial court the leeway to impose the
confinement in large or small increments so long as the total number of days in
the county jail does not exceed a maximum of 180 days.

Tex. Code Crim.
Proc. Ann. art. 42.12, '
15 (Vernon Supp. 2008) details the procedures for state jail community
supervision.  Article 42.12, section 15(a)(2) provides that, after conviction, 
the trial court may suspend the imposition of the sentence and place the
defendant on community supervision.  Article 42.12, section 15(b) states the
term of community supervision may be a minimum of two years and a maximum of
five years.  Article 42.12, section 15(b) also provides that the trial court,
under certain circumstances, may extend the term of community supervision to
not more than ten years.  

Article 42.12, section 15(d) allows the trial court at
the beginning of the community supervision to require the defendant to submit
to a period of confinement in a state jail facility.  Article 42.12, section
15(d) does not allow the trial court to order state jail facility commitment at
the beginning of the community supervision in combination with commitment in
the county jail under Article 42.12, section 12.

Article 42.12, section 15(e) provides that, if the
defendant violates the terms and conditions of his community supervision, the
trial court may conduct a hearing and modify the defendant=s terms and conditions of
community supervision to include confinement in a state jail facility for not
more than 180 days and not less than 90 days. 

 








                                      Interpretation
of Article 42.12, Sections 12 and 15

Appellant
appears to be arguing that, if the trial court orders confinement in a state
jail facility as a term and condition of community supervision under Article
42.12, section 15(d), the trial court is prohibited from ordering confinement
in the county jail under Article 42.12, section 12 as a term and condition of
community supervision.  Article 42.12, section 15(d) appears to support his
argument.  However, as the State points out in its brief, the record reflects
not that the trial court ordered his confinement in a state jail facility
pursuant to Article 42.12, section 15(d) but, instead, reflects that the trial
court ordered the confinement pursuant to Article 42.12, section 15(e). 

 Appellant
was first placed on community supervision in November 2003.  The original terms
and conditions of his community supervision did not include confinement in
either a state jail facility or a county jail.  Confinement in the county jail
was not added as a term and condition until after the State=s first motion to revoke
when the trial court modified his community supervision in January 2004.  The
trial court modified his community supervision to add confinement in a state
jail facility in October 2005 after conducting a hearing and finding that
appellant had violated the terms and conditions of his community supervision. 
This is the procedure authorized by Article 42.12, section 15(e).[1]








We
agree with the State=s
position that to read Article 42.12, section 15(d) as barring any and all
confinement in the county jail as a term of community supervision means that we
must ignore the clear language of Article 42.12, section 15(d)[2]
that the trial court Amay
impose as a condition of community supervision that a defendant submit at
the beginning of the period of community supervision@ to confinement in a state jail facility
(emphasis added).  The limiting language in Article 42.12, section 15(d) that
the trial court Amay
not require a defendant to submit to both the term of commitment authorized
by this subsection and a term of confinement@
in the county jail under Article 42.12, section 12 clearly refers to situations
where the trial court has ordered confinement in a state jail facility at the
beginning of the community supervision term (emphasis added).

          We also
agree with the State=s
observation that appellant=s
interpretation ignores the provisions of Tex.
Code Crim. Proc. Ann. art.  42.03, '
2(a)(1) (Vernon Supp. 2008):

In
all criminal cases the judge of the court in which the defendant is convicted
shall give the defendant credit on the defendant=s
sentence for the time that the defendant has spent:

 

(1)
in jail for the case, other than confinement served as a condition of community
supervision, from the time of his arrest and confinement until his sentence by
the trial court.

 

The trial court
did not abuse its discretion.  The issue on appeal is overruled.

                                                                        Holding

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

May 7, 2009

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Article 42.12, section 15(e) provides:

 

If a defendant violates a condition of community
supervision imposed on the defendant under this article and after a hearing
under Section 21 of this article the judge modifies the defendant=s community supervision, the judge may impose any
sanction permitted by Section 22 of this article, except that if the judge
requires a defendant to serve a period of confinement in a state jail felony
facility as a modification of the defendant=s
community supervision, the minimum term of confinement is 90 days and the
maximum term of confinement is 180 days.

 





[2]Article 42.12, section 15(d) reads in full as follows:

 

 A judge may impose as a condition of community supervision that a
defendant submit at the beginning of the period of community supervision to a
term of confinement in a state jail felony facility for a term of not less than
90 days or more than 180 days, or a term of not less than 90 days or more than
one year if the defendant is convicted of an offense punishable as a state jail
felony under Section 481.112, 481.1121, 481.113, or  481.120, Health and Safety
Code.  A judge may not require a defendant to submit to both the term of
confinement authorized by this subsection and a term of confinement under
Section 5 or 12 of this article.  For the purposes of this subsection, a
defendant previously has been convicted of a felony regardless of whether the
sentence for the previous conviction was actually imposed or was probated and
suspended.